# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ASI, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Aquawood, LLC; Banzai International Ltd.; Chan Ming Yiu; Dollar Empire, LLC; Brian Dubinsky; Jun Tai Co Ltd.; Liu Yi Man; Peter Magalhaes; Manley Toy Direct, LLC; MGS International, LLC; Park Lane Solutions Ltd.; Richard Toth; Toy Network, LLC; Toy Quest Ltd.; Wellmax Trading Ltd.; Winning Industrial Ltd.; Michael Wu; and Chan Siu Lun, <br><br> Defendants. | Case No. 19-cv-0763 (JRT/HB) <br><br> **ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the Plaintiff's Motion for Defendant Manley Toy Direct, LLC to be Deemed Served [Doc. No. 141]. The Plaintiff requests the Court deem Manley Toy Direct, LLC ("MTD")[1] to have been served under Federal Rule of Civil Procedure 4 (either via service on MTD's former president, Richard Toth, or its last known legal representative, Patrick Smith). In the alternative, if the Court is not satisfied that MTD has already received appropriate service, Plaintiff requests that the Court authorize substituted service on MTD via Toth and/or Smith. Defendant MTD has not

---

[1] Manley Toy Direct, LLC ("MTD") is not the same company as Manley Toys Ltd. ("Manley"), which is the subject of other disputes with Plaintiff. (Compl. ¶ 3.)

responded to the motion.[2] The Court does not believe that a hearing is required on this matter[3] and will rule on the motion on the papers. For the reasons set forth below, the motion is granted.

I.  **Background**

Plaintiff alleges that MTD is a Hong Kong-based corporation in a network of companies that sell toys and electronics in the United States. (Compl. ¶¶ 2, 31 [Doc. No. 1].) Plaintiff and MTD (and its affiliates) have a long and bitter history. In March 2019 Plaintiff named MTD and many others in its Complaint, alleging fraud, civil conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act. However, Plaintiff has struggled to serve MTD as required by Federal Rule of Civil Procedure 4. (Compl. at 8, 109–19, 124–28; Pl.'s Mot. Def. Deemed Served [Doc. No. 141].)

MTD was apparently administratively dissolved on June 20, 2016 and has not had a designated registered agent since February 2016. (Pl.'s Ex. 3 at 2 [Doc. No. 141-3].) An administratively dissolved business "continues its corporate existence" but does not carry on any business "except that necessary to wind up and liquidate its business and affairs." Iowa Code § 490.1421.

MTD's last president was Richard Toth. (*See* Pl.'s Ex. 1 ¶¶ 2–5 [Doc. No. 141-

---

[2] Plaintiff served notice of this motion on MTD via U.S. mail to Patrick Smith on October 21, 2019. (Pl.'s Mot. Def. Deemed Served [Doc. No. 141 at 10].)

[3] The Court observes that Plaintiff filed a Notice of Hearing on Motion on October 21, 2019 [Doc. No. 143] without first contacting the Courtroom Deputy to obtain a hearing date, in violation of Local Rule 7.1(b) and the Magistrate Judge's Practice Pointers. In the future, Plaintiff will be expected to comply with the requirements of the rules and this Court.

2

1].) Toth resigned sometime before 2015 and now works for MGS International, LLC. (Pl.'s Ex. 1 ¶¶ 5–6].) Both Toth and MGS International are defendants in this case. On May 21, 2019, Plaintiff served Toth via his attorney in Des Moines, Iowa, with a copy of the Complaint against Toth, MGS, and MTD (among others). (Aff. Service [Doc. No. 29].)

Plaintiff also asserts that Patrick Smith, an attorney at Fredrikson & Byron, P.A., is MTD's last known legal representative. Smith currently represents MTD in a related case in United States Court for the Southern District of Iowa. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., et al.*, Case No. 4:18-cv-00434-JEG-HCA (S.D. Iowa). On May 14, 2019, Plaintiff served the Complaint and Summons on Smith at his office in Des Moines, Iowa. (Aff. Service [Doc. No. 23].)

## II. Discussion

Plaintiff argues first that MTD has already been effectively served via the summons previously served on Toth. The Court agrees.

The Federal Rules of Civil Procedure provide that a corporation can be served in the same manner as an individual. Fed. R. Civ. P. 4(h)(1)(B). Unless it contradicts federal law, both individuals and corporations can be served a federal summons in the manner proscribed by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The summons at issue in this motion were served in Iowa, so Iowa's state law provides the guidelines for one possible means of service.

The Iowa Rules of Civil Procedure authorize service "[u]pon a partnership, or an association suable under a common name, or a corporation, by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership." Iowa R. Civ. P. 1.305(6).

Toth was MTD's last president before it was administratively dissolved. He is therefore the "last known officer" of MTD. "The 'last known' officers of an administratively dissolved corporation that no longer has an office or does business in Iowa would certainly include the corporation's officers at the time of the dissolution." *Burris v. Versa Prod., Inc.*, Civ. No. 07-3938(JRT/JJK), 2008 WL 4346508, at *5 (D. Minn. Sept. 17, 2008). Serving MTD via Toth was therefore both proper and effective.

Plaintiff argues in the alternative that its service on Smith was a separate and independently effective delivery of the summons to MTD. In view of the Court's conclusion that service on MTD through Toth satisfied the requirements of Federal Rule of Civil Procedure 4 and Iowa Rule of Civil Procedure 1.305(6), the Court need not decide whether MTD was also effectively served through Smith. Similarly, it does not need to decide whether substituted service on MTD would be appropriate. Toth does not need to be re-served.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion [Doc. No. 141] is **GRANTED**. Defendant Manley Toy Direct LLC is deemed served pursuant to Federal

4

Rule of Civil Procedure 4(h)(1) and Iowa Rule of Civil Procedure 1.305(6) by virtue of service on MTD's last known president, Richard Toth.

Dated:  November 1, 2019
                                    s/ *Hildy Bowbeer*
                                    HILDY BOWBEER
                                    United States Magistrate Judge