UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ASI, INC.,

                                                                           Civil No. 19-763 (JRT/HB)

                Plaintiff,

v.

                                       **MEMORANDUM OPINION AND ORDER**
                                        **DENYING DEFENDANTS' MOTIONS TO**
AQUAWOOD, LLC, *et al.*,                          **CERTIFY INTERLOCUTORY APPEAL**

                Defendants.

---

Derek Y. Sugimura, Shelli L. Calland, and Stephen A. Weisbrod, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue, NW, Suite 600, Washington, DC 20036; and Keith M. Sorge, **ARTHUR CHAPMAN KETTERING SMETAK & PIKALA PA** 81 Ninth South Street, Suite 500, Minneapolis, MN 55402, for plaintiff.

Stephen H. Locher and Matthew D. Callanan, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309; Emily Asp, James Schoeberl, and Stephen E. Schemenauer, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; David W. Asp and Kate M. Baxter-Kauf, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Dennis B. Johnson, **CHESTNUT CAMBRONNE PA**, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401; and Elisabeth A. Archer and Mark E. Weinhardt, **WEINHARDT LAW FIRM**, 2600 Grand Avenue, Suite 450, Des Moines, IA 50312, for defendants.

Plaintiff ASI, Inc., formerly known as Aviva Sports, Inc. ("Aviva"), brought this action seeking to collect on an underlying judgment. Aviva alleges that Defendants are operating a RICO enterprise and committed various torts to prevent Aviva to from collecting on the

judgment.[1]  Three groups of Defendants filed separate motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim under Rule 12(b)(6).  On October 6, 2020, the Court denied Defendants' motions to dismiss, finding that the Court has personal jurisdiction over all Defendants either based on specific personal jurisdiction, conspiracy-based personal jurisdiction, or RICO jurisdiction pursuant to 18 U.S.C. § 1965(b).  *See ASI, Inc. v. Aquawood, LLC, et al.*, No. 19-763, 2020 WL 5913578, at *3–8 (D. Minn. Oct. 6, 2020).  The Court also found that Aviva's claims are not time-barred and that Aviva alleged sufficient facts to plausibly state claims upon which relief can be granted.  *See id.* at *8–17.

Defendants now move the Court to certify its October 6, 2020 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings pending appeal pursuant to the Courts' inherent authority.[2]  Because Defendants have neither

---

[1] The factual and procedural background of this case are described in detail in the Court's October 6, 2020 Order.  *See ASI, Inc. v. Aquawood, LLC, et al.*, No. 19-763, 2020 WL 5913578, at *1–3 (D. Minn. Oct. 6, 2020).

[2] Two groups of Defendants filed two separate Motions for Interlocutory Appeal and to Stay, articulating nearly identical arguments.  Defendants Aquawood LLC, Brian Dubinsky, and Peter Magalhaes filed their Motion on October 23, 2020, (Docket No. 195), and Defendants MGS International and Richard Toth filed their Motion on October 30, 2020, (Docket No. 207.)  Additionally, a group of Defendants filed a Notice of Joinder to the Aquawood Motion on October 26, 2020, (Docket No. 200), and Defendants Dollar Empire LLC, Wellmax Trading, Ltd., and Michael Wu also filed a Motion for Joinder to the Aquawood Motion on October 26, (Docket No. 201.)  Aviva filed a consolidated response to all Motions on November 6.  (Docket No. 217).  Because the Motions present overlapping arguments and Aviva consolidated its response, the Court addresses the Motions collectively.

satisfied the statutory requirements for an interlocutory appeal, nor established that this is an exceptional case warranting immediate review, the Court will deny Defendants' Motions.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

Circuit courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b). That statute, in relevant part, provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, a party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012).

A motion for certification "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate

appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation" and "was not intended merely to provide review of difficult rulings in hard cases." *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).

## II.  ANALYSIS

Defendants suggest three bases for interlocutory appeal: the Court's interpretation of 18 U.S.C. § 1965 for RICO jurisdiction; application of the RICO statute of limitations to Aviva's allegations; and the definition of a cognizable RICO injury. However, the Court finds that Defendants fail to satisfy all three statutory requirements for each identified ground, and fail to establish that the Court's October 6 Order presents an exceptional case for which an interlocutory appeal is warranted.

Defendants predominantly argue that the Court's interpretation of RICO co-conspirator jurisdiction pursuant to 18 U.S.C. § 1965(b) provides a basis for interlocutory appeal. With respect to the first statutory requirement, personal jurisdiction issues are non-discretionary and thus present controlling questions of law. *See White*, 43 F.3d at

377 (explaining that a legal question of the type referred to in § 1292(b) contrasts with a "matter for the discretion of the trial court"); *see also Radaszewski ex rel. Radaszewski v. Telecom Corp.*, 981 F.2d 305, 307 (8th Cir. 1992) (granting leave to appeal after a district court certified its dismissal of an action for lack of personal jurisdiction).

With respect to the second requirement, Defendants maintain that a circuit split concerning whether § 1965(b) or (d) covers jurisdiction for RICO co-conspirators creates a substantial difference of opinion about the exercise of personal jurisdiction for RICO claims. "Identification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement." *White*, 43 F.3d at 378 (quotation omitted). Additionally, courts may certify an interlocutory appeal where "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions, or if the question is one of first impression." *Shoots v. iQor Holdings US Inc.*, No. 15-563, 2018 WL 2383158, at *3 (D. Minn. May 25, 2018) (quotation omitted). This is the case here and, as such, Defendants have cleared the first two requirements.

However, Defendants cannot show that an interlocutory appeal on this question would materially advance the litigation. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378–79. Here, the Court found that only one Defendant, MGS International, is

subject to personal jurisdiction based on RICO co-conspirator jurisdiction. The remaining Defendants were found to be subject to either specific personal jurisdiction or conspiracy-based jurisdiction, findings which are not asserted bases for interlocutory appeal. As such, interlocutory appeal only on the basis of the Court's reading of the RICO jurisdiction statute would not materially advance the ultimate termination of the litigation, as seventeen Defendants would remain unaffected, irrespective of the appeal's outcome. *Accord Rilley v. MoneyMutual, LLC*, No. 16-4001, 2017 WL 6343616, at *2 (D. Minn. Dec. 11, 2017) (rejecting interlocutory appeal of RICO jurisdiction question because the defendant would still need to go through jurisdictional discovery and claims would still proceed against other defendants). Moreover, resolution of RICO co-conspirator jurisdiction would not serve to avoid a trial or otherwise substantially shorten the litigation. *See generally* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (3d ed. 2017).

Defendants also suggest that the Court's application of the four-year statute of limitations for RICO claims provides a basis for interlocutory appeal. Although questions regarding the statute of limitations may warrant immediate review in some cases, whether Aviva's claim is time-barred depends solely on Aviva's well-pleaded factual allegations as to when it discovered or should have discovered the injury, as this is when the clock for the limitations period starts to run. *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006). At the motion to dismiss stage, the possible existence of a statute of limitations

defense is not ordinarily a ground for dismissal unless the complaint itself establishes that the limitations period had already run its course. *See Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Here, Aviva alleged that its injuries did not occur until 2015 to 2016. Thus, as the Court explained in its October 6 Order, Aviva sufficiently stated a claim at the motion to dismiss stage, as the RICO claims were not time-barred based on the Complaint's allegations. *See Aquawood*, 2020 WL 5913578, at *8–9. Because Aviva's allegations must also be taken as true on interlocutory appeal, the time-bar basis does not present a controlling question of law or substantial grounds for a difference of opinion justifying an interlocutory appeal.

As to the third basis for interlocutory appeal, Defendants aver that there is a substantial difference of opinion about whether Aviva's allegation that it has been unable to collect on an underlying judgment constitutes a cognizable injury for a RICO action. In its October 6 Order, the Court noted a split of authority on this issue, and sided with the majority of courts. *See Aquawood*, 2020 WL 5913578, at *10. Defendants' contrary preference for the minority view in an inter-circuit split is insufficient grounds for an interlocutory appeal. The Court further notes that neither the RICO injury issue nor the statute of limitations issue could lead to termination of the entire litigation upon immediate review, as Aviva's allegations also include common law claims not at issue in the present Motions.

Overall, Defendants' rationale for an interlocutory appeal is their conviction that, because the case is complex and some legal issues are the subject of circuit splits, the case is appropriate for immediate review. However, interlocutory review is "not intended merely to provide review of difficult rulings in hard cases," *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 2013 WL 4028144, at *3 (D. Minn. Aug. 7, 2013) (quoting *Union Cty.*, 525 F.3d at 646), nor is a desire to delay potentially extensive discovery a justifiable reason to seek an interlocutory appeal and a stay of proceedings, *see Boss v. Travelers Home & Marine Ins. Co.*, No. 16-4065, 2016 WL 5939350, at *2 (W.D. Mo. Oct. 12, 2016) ("[T]he argued benefit of avoiding discovery is one that could be made in any pending class action, or for that matter in any lawsuit. Such reasoning could justify interlocutory appeal on many motions to dismiss and that would be inconsistent with the Eighth Circuit's admonition that motions for certification should be 'granted sparingly and with discrimination.'" (quoting *White*, 43 F.3d at 376)). Furthermore, Defendants have identified no ground upon which interlocutory review could result in termination of all claims against all defendants; rather, it appears they merely seek a piece-meal appeal which would likely result in an additional burden on the Court and litigants. *See White*, 43 F.3d at 376.

Finally, contrary to Defendants' suggestion that courts routinely grant interlocutory appeals, the Eighth Circuit instructs that certification for interlocutory appeal should be granted sparingly and only in exceptional situations. *See, e.g.*, *Union*

*Cty.*, 525 F.3d at 646; *White*, 43 F.3d at 376.  If they do not ultimately prevail, Defendants will eventually have an opportunity to challenge the legal issues identified in their present Motions.  However, they have not satisfied the heavy burden to demonstrate that this case is an exceptional one for which an immediate appeal is warranted.  Rather, in this case, the interests of justice and judicial economy are better served by finally, after more than a year and a half, having the parties proceed to discovery.  Accordingly, the Court denies Defendant's Motion for Interlocutory Appeal, and declines to stay the proceedings.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Aquawood, LLC, Brian Dubinksy, and Peter Magalhaes's Motion to Certify Interlocutory Appeal and for Stay [Docket No. 195], which was joined by Defendants Banzai International, Ltd., Chan Siu Lun, Liu Yi Man, Park Lane Solutions Ltd., Toy Quest Ltd., and Chan Ming Yiu, is **DENIED**;

2. Defendants MGS International, LLC and Richard Toth's Motion to Certify Interlocutory Appeal and for Stay [Docket No. 207] is **DENIED; and**

3. Defendants Dollar Empire LLC, Wellmax Trading Ltd., and Michael Wu's Motion for Joinder of Motion to Certify Interlocutory Appeal and Stay Proceedings [Docket No. 201] is **DENIED as moot**.

DATED: February 4, 2021            _____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                          Chief Judge
                                       United States District Court