

Matthew D. Callanan<br>
Direct Dial: (515) 283-4639<br>
Direct Fax: (515) 558-0639<br>
E-mail: mdcallanan@belinmccormick.com

July 28, 2021

<u>VIA ECF</u>

Hon. Hildy Bowbeer
Magistrate Judge
U.S. District Court for the District of Minnesota
bowbeer_chambers@mnd.uscourts.gov

Re:   IDR Letter Regarding Aviva Third Party Subpoenas Served on July 6-7, 2021
      *ASI, Inc. v. Aquawood LLC, et al.*, Case No. 0:19-cv-00763-JRT-HB

Dear Judge Bowbeer:

**Issue Presented:** Whether the Court should quash several third-party subpoenas to various insurance companies and brokerage firms, served on July 6 and July 7, 2021.

**Background & Legal Argument:** On July 6 and 7, Aviva served subpoenas on several nonparty insurance companies and brokerage firms including Lockton Companies, Inc.; Great American E&S Insurance Co.; Worldwide Facility, Inc.; National Union Fire Insurance Company of Pittsburgh, Pa.; AIG; AmWINS Brokerage of New Jersey; XL Group; and Liberty Surplus Insurance Corporation. These subpoenas all contain the same two requests (we have enclosed one of the subpoenas as an example for your benefit):

> DOCUMENT REQUEST NO. 1: All Documents Regarding insurance coverage issued to, for the benefit of, or otherwise concerning, (a) any SLB Entity [identified as 56 named entities; "any entity that is doing or has done business as" one of eleven different trade names; "all entities that own or are owned in whole or in part by any of these companies"; "all entities that share a direct or indirect owner with any of these companes"; and "all past and present Employees, officers, directors, principals, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, and successors"]; (b) any Employee, agent, or representative of any SLB Entity; and/or (c) Brian Dubinsky, Peter Magalhaes, [and twenty-five other individuals, including former attorneys and several non-parties].

> DOCUMENT REQUEST NO. 2: All Documents Regarding or containing Communications since January 1, 2012 to or from any SLB Entity or any Employee, agent, or representative of any SLB Entity, including: [a large list of email domains, including a law firm's domain, and approximately 25 individuals].

July 28, 2021
Page 2

These requests are incredibly overbroad and inappropriate—particularly because relevant insurance policies have already been produced. The subpoenas seek irrelevant information regarding items far beyond the issues in this case; they seek confidential and personal information; and they seek privileged documents and documents protected by the work-product doctrine.

The Aquawood Defendants have conferred with Aviva regarding the information sought by the subpoenas. Aviva acknowledges personal information should be protected but has not otherwise agreed to limit the scope of the subpoenas. Because of the breadth and impropriety of Aviva's subpoenas, the Court should quash the subpoenas and/or enter a protective order greatly narrowing the reach of these subpoenas.

Although at least one of the third-party subpoena targets served objections in response, Aquawood, LLC; Brian Dubinsky; and Peter Magalhaes (collectively, the "Aquawood Defendants") independently maintain standing to seek a protective order or an order quashing the subpoenas. *See*, *e.g.*, *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (parties have standing under Rule 26 to seek protective order with respect to nonparty discovery); *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008) ("The explicit mention of 'a party' in [Rule 26] has been interpreted to provide standing for a party to contest discovery sought from third-parties."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637-38 (C.D. Cal. 2005) (granting Defendants' motion to quash a nonparty subpoena). This standing extends to challenging subpoenas on the basis of relevance and overbreadth, especially where there is personal and privileged information at stake. *See Mallak v. Aitkin Cty.*, No. 13-cv-2119 (DWF/LIB), 2016 WL 9088760, at *9 (D. Minn. Dec. 22, 2016) ("[W]hether under Rule 26(c) as a 'party' or under Rule 45 because Defendant has a personal interest in the information subpoenaed from a non-party, the Court may here consider Defendant's assertions of irrelevance and disproportionality under Rule 26 and his request for a protective order regarding data in which he has a personal interest.")

Aviva's subpoenas are nearly limitless (the only limit being a 2012 date cutoff), and responses would consist of reams of confidential personal information having no relation to the claims at issue in this lawsuit. Aviva seeks "All Documents Regarding insurance coverage issued to, for the benefit of, or otherwise concerning . . . Brian Dubinsky [and] Peter Magalhaes" (not to mention the myriad unnamed employees that are employed by any of the "SLB Entities"). Presumably, Aviva's subpoenas would include every document regarding health insurance, homeowners or renters insurance, life insurance, and other policies, all of which have no bearing on Aviva's claims. Disclosure of this information is not relevant and not appropriate. *See Mallak*, 2016 WL 9088760 at *11 (granting defendant's motion to quash on relevancy grounds); *see also In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 927946, at *2-3 (E.D. La. April 3, 2008) (noting discovery sought was "replete with highly private, confidential, personal information, including . . . insurance policy and claim numbers" and narrowing scope of discovery); *Stevens v. Holder*, No. 1:12-CV-1352-ODE, 2014 WL 12799005, at *9 n.13 (N.D. Ga. Jan. 31, 2014) (declining to require the production of "personal information, such as personal

July 28, 2021
Page 3

insurance policies and amounts of coverage"). Here, most, if not all, Defendants have already produced or have agreed to produce relevant insurance policies.

Further, Aviva's subpoenas would encompass privileged communications and/or attorney work product. Aviva seeks "All Documents Regarding or containing Communications since January 1, 2012 to or from any SLB Entity or any Employee, agent, or representative of any SLB Entity . . . ." This would include, for instance, memos shared or communications with insurance companies providing coverage for Aviva's claims; discussions about lawsuits; any internal memoranda or billing information; and a host of other, related, privileged documents. *See Leprino Foods Co. v. DCI, Inc.*, 2014 WL 2922667, at *8 (D. Col. June 27, 2014) (granting motion to quash where subpoena sought privileged information and documents subject to work-product protection).

The subpoenas effectively request every document relating to the "SLB Entities," regardless of whether the documents have any relation to the core issue in this case: Aviva's allegation the Defendants allegedly conspired to prevent it from collecting on Manley's judgment. Insurance documents produced for the sole purpose of showing that some of these companies may be listed on the same policy does nothing to demonstrate they (or any other company) conspired to thwart Aviva's collection efforts. It simply shows there may be a connection between these companies; it does nothing to address the second portion of the issue: whether these companies worked together *to evade Aviva's judgment collection efforts*. Disclosure of applications not mentioning Manley Toys Limited does nothing to advance this case, it simply raises costs and reveals irrelevant, confidential information.

The Aquawood Defendants urge the Court to quash the subpoenas and/or enter a protective order preventing the recipients of the subpoenas from responding to them. In the alternative, the Aquawood Defendants ask the Court to narrow the scope of the subpoenas to exclude confidential personal information, documents subject to privilege and/or work product protections, and documents irrelevant to Aviva's claims.

The Aquawood Defendants anticipate the Court hearing this dispute at the case management conference scheduled for August 5, 2021.

**Relief Requested:** Specifically, the Aquawood Defendants request the following relief:
- The Court issue an Order quashing the various third-party subpoenas served on July 6 and July 7, 2021, to the following third parties: Lockton Companies, Inc.; Great American E&S Insurance Co.; Worldwide Facility Inc.; National Union Fire Insurance Company of Pittsbrugh, PA.; AIG; AmWINS Brokerage of New Jersey; XL Group; and Liberty Surplus Insurance Corporation.
- In the alternative, the Court should limit the various subpoenas to applications related to Manley Toys Limited (in light of insurance policies already having been produced).

July 28, 2021
Page 4

        Sincerely,

        */s/ Matthew D. Callanan*

        Matthew D. Callanan
        For the Firm

(3790658.1)