UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

INFORMAL DISPUTE RESOLUTION CONFERENCE

| | |
|---|---|
| ASI, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Aquawood, LLC; Banzai International Ltd.; Chan Ming Yiu; Dollar Empire, LLC; Brian Dubinsky; Jun Tai Co Ltd.; Liu Yi Man; Peter Magalhaes; Manley Toy Direct, LLC; MGS International, LLC; Park Lane Solutions Ltd.; Richard Toth; Toy Network, LLC; Toy Quest Ltd.; Wellmax Trading Ltd.; Winning Industrial Ltd.; Michael Wu; and Chan Siu Lun; Manley Toys Limited; John Robert Lees; and Mat Ng, <br><br> Defendants. | **COURT MINUTES** <br> BEFORE: Hildy Bowbeer <br> U.S. Magistrate Judge <br><br> Case No.: 19-cv-0763 (JRT/HB) <br> Date: August 16, 2021 <br> Courthouse: St. Paul <br> Location: Via ZoomGov <br> Time in Court: 9:45 a.m. – 10:32 a.m. <br> 32 minutes |

**APPEARANCES:**
For Plaintiff: Shelli Calland, Sophia Golvach
For Defendants Aquawood, LLC; Brian Dubinsky; and Peter Magalhaes: Matthew Callanan
For Defendants Banzai International, Ltd; Chan Ming Yiu (Samson Chan); Liu Yi Man (Lisa Liu); Park Lane Solutions, LLC; Toy Quest Ltd.; and Chan Siu Lun (Alan Chan): Brandon Underwood

**PROCEEDINGS:**

The Court continued its Informal Dispute Resolution Conference (IDR) conference from August 5, 2021. For the reasons stated on the record, the Court denied the Defendants' request to quash the third-party subpoenas, however, it limited the subpoenas' scope. Specifically:

1) The Court limited the subpoenas to exclude *any* personal health information (PHI) about *any* individual, regardless of whether that individual is a party or non-party.

2) Insofar as Request No. 1 seeks information pertaining to the Hong Kong or Dubinski Defendants, their officers or employees, the Court limited Request No. 1 to all issued policies, all certificates of insurance, all applications for insurance (whether or not policies were actually issued), any submissions seeking or issuing renewals or modifications in that insurance, documents sufficient to show all named and additional insureds, and documents sufficient to show who was being invoiced for and who was actually paying the premiums for that insurance.  The Court further limited Request No. 1 to a timeframe from January 1, 2012 through the present.

3) Insofar as Request No. 2 seeks information pertaining to the Hong Kong or Dubinski Defendants, their officers or employees, the Court limited Request No. 2 to documents reflecting communications since January 1, 2012, to or from any of the Defendants, including their employees, officers, and individuals or entities acting on their behalf, pertaining to applications for insurance or requests to renew or modify coverage, including communications discussing the possibility of applying for or renewing or modifying insurance or leading up to the submission of an application.

4) For the avoidance of doubt, the Court's order does not address and therefore does not limit the scope of the subpoenas insofar as they seek information (other than PHI) that does not pertain to the Hong Kong and Dubinsky Defendants and their officers and employees.

5) The Court directed counsel to meet and confer about how best to handle the review of any privileged and/or work product information encompassed within the scope of the requests.  The Court directed them to file a joint letter memorializing their agreement or, if necessary, a stipulation and a proposed order to the extent required, for example, to confirm Federal Rule of Evidence 502(d) protections against waiver.

*s/ERE*
Judicial Law Clerk