AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| ASI, Inc. <br> *Plaintiff* <br> v. <br> Aquawood, LLC, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 0:19-cv-00763-JRT-HB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lockton Companies
444 W. 47th Street, Suite 900, Kansas City, MO

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit 1 to Subpoena.

| Place: Weisbrod Matteis & Copley PLLC, 1200 New Hampshire Ave., NW, #400, Washington, DC 20036 (or such place within 100 miles of where you reside, are employed, or regularly transact business in person to which you direct the undersigned counsel in writing) | Date and Time: <br> 08/05/2021 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/06/2021

*CLERK OF COURT*

OR

_____     /s/ Shelli L. Calland
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ASI, Inc.
, who issues or requests this subpoena, are:

Shelli Calland, 1200 New Hampshire Ave, NW, #400, Washington, DC 20036, scalland@wmclaw.com, (202) 793-2900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 0:19-cv-00763-JRT-HB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CASE 0:19-cv-00763-JRT-HB   Doc. 385   Filed 08/19/21   Page 3 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1 TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff ASI, Inc., f/k/a Aviva Sports Inc. ("Aviva"), hereby propounds the following Requests for the Production of Documents ("Document Requests") to Lockton Companies, Inc. ("Lockton").  Please produce all of the Documents requested below by the date noted on the subpoena.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST 1:** All Documents Regarding insurance coverage issued to, for the benefit of, or otherwise concerning, (a) any SLB Entity; (b) any Employee, agent, or representative of any SLB Entity; and/or (c) Brian Dubinsky, Peter Magalhaes, Gary Chan (also known as Chan Siu Chung), Samson Chan (also known as Chan Ming Yiu), Alan Chan (also known as Chan Siu Lun), Lisa Liu (also known as Liu Man Yi), Richard Toth, Stephen Raucher, Michael Wu (also known as Wei Kai Wu), Queenie Wong, Jeff Chan, Anthony Cheng, Ronan Woo, CK Lam, Gary Wong, Amy Cheng, Leon Ng, Joyce Wong, Lam Ho, Kinki Pui, Brenda Pardekooper, Chan Ming Lung, Ray Houser, Manson Poon, Greg Pfeffer, Mat Ng, in his official capacity as Liquidator of and successor to Manley Toys Ltd., or John Robert Lees, in his official capacity as Liquidator of and successor to Manley Toys Ltd.

**DOCUMENT REQUEST 2:** All Documents Regarding or containing Communications since January 1, 2012 to or from any SLB Entity or any Employee, agent, or representative of any SLB Entity, including:

(a) all Communications to or from an email address that includes any of the following extensions/domains: @manleytoy.com, @manley.com.hk,

@manleyservices.com.hk, @manleytoyquest.com, @banzaifun.com, @epic-studios.com, @genesis-toys.com, @pls.com.hk, @o2-concept.com; @mgsgroupltd.com, @toyquest.com, @tekno-robotics.com, @vr-entertain.com, @occasions-ltd.com, @toybox-ltd.com, @toyboxltd.com, @mpatoys.com, @dollarempirellc.com, or @rrbattorneys.com; and

(b) all Communications to or from Brian Dubinsky, Peter Magalhaes, Gary Chan (also known as Chan Siu Chung), Samson Chan (also known as Chan Ming Yiu), Alan Chan (also known as Chan Siu Lun), Queenie Wong, Lisa Liu (also known as Liu Man Yi), Richard Toth, Jeff Chan, Stephen Raucher, Michael Wu (also known as Wei Kai Wu), Chan Ming Lung, Anthony Cheng, Ronan Woo, CK Lam, Gary Wong, Amy Cheng, Leon Ng, Joyce Wong, Lam Ho, Kinki Pui, Brenda Pardekooper, Ray Houser, Manson Poon, or Greg Pfeffer, Mat Ng, in his official capacity as Liquidator of and successor to Manley Toys Ltd., or John Robert Lees, in his official capacity as Liquidator of and successor to Manley Toys Ltd.

## **DEFINITIONS**

1. "All," "any," "each," "every" and similar terms mean "each and every" as necessary to make the terms inclusive rather than exclusive.

2. "And" and "or" as used herein each mean "and/or," which shall be construed both conjunctively and disjunctively so as to require the broadest possible response to any given Document Request.

3. "Communications" shall be construed in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, requests, responses, or any other matter, and every disclosure, transfer, or exchange of information, whether oral or written, including but not limited to all letters, memoranda, notes, and messages, whether printed, typed, or handwritten, all electronic modes of correspondence such as electronic mail and facsimiles, and all documents reflecting the substance or occurrence of conversations or meetings, whether between Persons or between or among groups of Persons.

4. The terms "Document" or "Documents" are used in the broadest sense permissible under Federal Rule of Civil Procedure 34, and includes without limitation: (a) correspondence, memoranda, records, letters, telegrams, reports, notes, drafts, books, records, papers, minutes, schedules, tabulations, computations, lists, ledgers, journals, statements, purchase orders, sales contracts, employment contracts, any other form of contract, invoices, agreements, vouchers, accounts, checks, books of original entry, receipts, recordings, affidavits, diaries, calendars, desk pads, drawings, blueprints, photostats, motion pictures, slides, photographs, sketches, charts, graphs, or any written or printed matter or tangible thing on which any words or phrases are affixed; (b) information contained in any computer, electronic, digital, or tape-recorded format or media, including any computer or electronic database, electronic mail or "e-mail," translated, if necessary into reasonably usable form; (c) originals and copies, any and all drafts and all copies that contain any notation not on the original; and (d) Communications.

5. "Employee" means any former or present employee, officer, director, manager, agent, representative, consultant, office, committee, department, division, or group within or retained by a company, including those at corporate headquarters or at regional or local offices anywhere in the world.

6. "Facilitator" means any Person or entity other than a SLB Entity that conducts or has conducted business on behalf of any SLB Entity, including but not limited to Bullseye Ventures, License 2 Play, Jeremy Pollack, Expeditors International, Gary Swerdlow, Northern Lights Marketing, and Dillman Sales & Marketing.

7. "SLB Entity" means Manley; Toy Quest Ltd.; Park Lane Solutions Ltd.; Banzai International Ltd.; Aquawood LLC; MGS International, LLC; Wellmax; Manley Toy Direct LLC; Toy Network LLC; Toy Network Hong Kong; Winning Industrial Limited; Jun Tai Company Limited; Teng Yue Holdings; Echo Technologies; Echo Technologies Asia Limited; Genesis Industries Ltd.; Cotek (HK) Limited; Manley Fashion Direct LLC; MGS Group Limited; MGS International Ltd.; Occasions Limited; Toy Box Limited; Toy Peek Ltd.; O2.com (HK) Ltd.; Yeko Trading; Toy Teck Limited; Merit Product(s) Limited; Manley Overseas Limited; 28 Marble Ltd.; 28 Mody Ltd.; 818 HK Spinner Ltd.; 828 Cheung Sha Wan Ltd.; Great Harvest Services Company Limited; Wiltshire Ltd.; Chengda Holdings Limited; General Tech Limited; MIT Holdings (HK) Limited; TST Toys Showroom Limited; Bright Trinity Investments Ltd.; Gainmore Investment Limited; China Plush Toy Company Ltd.; Jin Pei Holdings Limited; VR Entertainment; Focus Brand Limited; Epic Studio(s); Swift Harvest USA, LLC; Swift Harvest LLC; Swift Harvest Limited; SLB Toys USA, Inc.; Worldwide Toy Direct LLC;

4

Manley Toys USA Ltd.; Manley Toy Quest LLC; Toy Warehouse LLC; Toybox Unlimited LLC; Toy Teck Ltd. LLC; Toy Teck Corporation; any entity that is doing or has done business as "Toy Quest," "Banzai," "Banzai Fun," "Banzai Toys," "Manley," "Manley Toys," "Manley Toy Quest," "Manley ToyQuest," "Toy Quest," "ToyQuest," or "Toy Quest Ltd."; all trade names under which any of these companies is doing or has done business; all entities that own or are owned in whole or in part by any of these companies; all entities that share a direct or indirect owner with any of these companies; and all past and present Employees, officers, directors, principals, counsel, spokespersons, subsidiaries, affiliates, agents, representatives, predecessors, and successors of any of these companies.

8. The term "Person" or "Persons" means any natural persons, any form of business entity (whether partnership, association, cooperative, corporation, division, committee, company or otherwise), and any governmental entity or department, agency, bureau, or political subdivision thereof.

9. The term "Products" or "Product" means any goods or services sold by or through any SLB Entity, whether directly or with the use of a Facilitator, regardless of the source of the goods or services.

10. "Regarding" means regarding, relating to, in connection with, concerning, pertaining to, referring to, describing, discussing, mentioning, evidencing or constituting.

11. "Whether" means whether or not.

## INSTRUCTIONS

1. You must answer each Document Request based on all information within Your possession, custody, control, or knowledge, which includes but is not limited to all information that Your officers, directors, Employees, agents, attorneys, investigators, or corporate affiliates know or possess.

2. You must produce all responsive Documents as they are kept in the usual course of business or by organizing and labeling them according to the enumerated Document Requests to which they are responsive.

3. Every Document bound together must be produced as so bound, including, without limitation, with any attached or incorporated tab, folder, divider, label, marking, transmittal sheet, cover letter, exhibit, enclosure, or the like.

4. Every Document referring to accompanying material must be produced with that material.

5. When You produce a Document, You also must produce any drafts, revisions, or copies of that Document that bear any mark or notation not present on the original or that otherwise differ from the original.

6. These Document Requests call for the production of each requested Document in its entirety.

7. If You cannot respond to a Document Request fully, respond to the Document Request to the extent possible and explain why You cannot respond to it fully.

8. If You object to a Document Request, state the portion of the Document Request to which You object, as well as the rule, statute, case, or other legal basis for

6

Your objection and every fact on which Your objection relies, and produce responsive Documents to the extent that You do not object.

9. All electronic media must be produced in native format unless Plaintiff, through their undersigned counsel, agrees otherwise.

10. Each Document Request is independent. Unless a Document Request expressly references or incorporates another Document Request, it should be understood without reference to any other Document Request. An assertion that Document Requests are duplicative or overlapping is not a valid objection. No Document Request limits any other Document Request.

11. You must respond to each Document Request regardless of whether You contend that it is ambiguous. If You contend that a Document Request is ambiguous, state in Your response the allegedly ambiguous language and the interpretation of that language used to formulate Your response.

12. For the purposes of these Document Requests, whenever necessary to ensure completeness or accuracy, words employing the singular number include the plural and words employing the plural include the singular; similarly, words employing the feminine gender include the masculine and neuter, words employing the neuter gender include the masculine and feminine, and words employing the masculine gender include the neuter and feminine.

13. If no Document responsive to a Document Request exists in Your possession, custody or control, so state in writing.

14. If You contend that a requested Document was, but no longer is, in Your possession, custody or control, (a) state the Document's date, subject matter, and the circumstances under which it was prepared, including by whom and at whose insistence it was generated; (b) identify all Persons likely to have knowledge of any of its contents; (c) state the date when, and circumstances under which, the Document left Your possession, custody or control, ceased to exist, or was lost, or why it is not otherwise capable of being produced; (d) identify all Persons likely to have knowledge of any of those facts; and (e) identify its last known custodian(s).