

**Kate M. Baxter-Kauf**
kmbaxter-kauf@locklaw.com
Direct: 612.596.4007

**MINNEAPOLIS**
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

June 1, 2022

<u>**VIA ECF**</u>

United States Magistrate Judge Hildy Bowbeer
United States District Court, District of Minnesota
Courtroom 6B
316 N. Robert Street
St. Paul, MN 55101
Telephone: (651) 848-1900

      Re:    *ASI, Inc. v. Aquawood, LLC et al*, 19-cv-0763 (JRT/HB)
             Defendants Richard Toth and MGS International, LLC's Letter Regarding
             Special Master Appointment

Dear Judge Bowbeer:

      We represent Defendants Richard Toth and MGS International, LLC in this multiparty action. The parties conducted a status conference last week regarding the progress of discovery in the litigation and the prospect of appointment of a special master to conduct the litigation going forward. *See* ECF No. 551 (minute order). The parties are currently discussing possible candidates for the special master appointment and will file a letter contemporaneously regarding the result of those discussions. *Id.* We submit this letter regarding the discussions at the status conference regarding the allocation of special master fees and responsibility therefore, and specifically the allocation of such fees for individual defendant Richard Toth.

      As indicated previously, Mr. Toth is an individual named Defendant and natural person with no ownership stake in any named corporate defendant. To date, Mr. Toth has not been involved in any discovery dispute and has limited individual discovery at issue. Conversely, Plaintiff ASI, Inc., is a sophisticated corporate entity represented by national counsel who has initiated multiple lawsuits in jurisdictions across the country, and has the ability to control both the quantity and staging of discovery it seeks. As a result, Mr. Toth is very concerned about the prospect of unfair special master fee allocation and the burden it would place on an individual named Defendant such as himself. Mr. Toth submits that,

568138.1

The Honorable Hildy Bowbeer
June 1, 2022
Page 2

in general, special master fees ought to be allocated with no more than 50% allocated to Defendants collectively, consistent with Fed. R. Civ. P. 53(g)(3). *See id.* ("The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."); *Triple Five of Minnesota, Inc. v. Simon*, No. CIV.99-1894(PAM/JGL), 2003 WL 22859834, at *2 (D. Minn. Dec. 1, 2003) (splitting fees in case involving one corporate plaintiff and multiple individual and corporate defendants 50/50 between plaintiff and defendants); *In re Wirebound Boxes Antitrust Litig.*, 128 F.R.D. 250, 254 (D. Minn. 1989) (same in complex antitrust case). In addition, Mr. Toth would submit that individual discovery disputes ought to be allocated between only those parties that are subject to the dispute rather than the entire set of parties to the litigation. This may be done either in advance as part of the order appointing a special mater or reserved for allocation based on the outcome of any discovery dispute. *See* Fed. R. Civ. P. 53(g)(3) ("An interim allocation may be amended to reflect a decision on the merits."); *see also Aird v. Ford Motor Co.*, 86 F.3d 216, 221 (D.C. Cir. 1996), *amended* (Aug. 12, 1996) (affirming allocation of special master fees to prevailing party despite initial allocation).

      Thank you for your attention to this matter. We are happy to answer any additional questions you may have.

Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Kate M. Baxter-Kauf

KMB/jpg

568138.1