UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ASI, INC.,                                                                          Civil No. 19-763 (JRT/HB)

   Plaintiff,

v.                                                                                  **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DISCOVERY ORDER**

AQUAWOOD, LLC, *et al.*,

   Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Nineth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland, Stephen A. Weisbrod, and Tamra Ferguson, I, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 North West New Hampshire Avenue, Suite 600, Washington, DC 20036, for plaintiff;

Joseph H. Lubben, Matthew D. Callanan, and Michael Reck, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Aquawood, Dollar Empire LLC, Brian Dubinsky, and Peter Magalhaes;

Brandon Underwood and Devan Rittler-Patton, **FREDRIKSON AND BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; Joseph H. Lubben, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Benzai International Ltd, Park Lane Solutions Ltd., Toy Quest Ltd., Chan Ming Yiu, Liu Yi Man, and Chan Siu Lun;

David W. Asp, Kate M. Baxter-Kauf, and Robert David Hahn, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Ave South, Suite 2200, Minneapolis, MN 55401; Joseph H. Lubben, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants MGS International, LLC and Richard Toth;

Joseph H. Lubben and Matthew D. Callanan, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Wellmax Trading Ltd. and Michael Wu.

ASI, Inc., formally known as Aviva Sports, Inc., ("Aviva") brought this action to collect on an $8.5 million underlying judgment against Manley Toys, Ltd ("Manley"). Aviva alleges that Defendants Aquawood and Dubinsky (among several other defendants), working together as a RICO enterprise, engaged in a series of fraudulent transfers in order to evade paying the judgment Manley owed to Aviva. Over the course of discovery, disputes arose as to certain documents and information Aviva requested from Aquawood and Dubinsky. Aviva filed a Motion to Compel and, after conducting a hearing, Magistrate Judge Bowbeer ordered Aquawood and Dubinsky to turn over the discovery. Aquawood and Dubinsky object to the Magistrate Judge's order. Because the Magistrate Judge committed no clear error in ordering Aquawood and Dubinsky to turn over the discovery, the Court will deny their objections.

## BACKGROUND

In the course of discovery for this action, Aviva requested that the Defendants turn over, (1) bank statements, (2) tax returns, and (3) documents sufficient to show all physical and mailing addresses, used by Brian Dubinsky. (Decl. Matthew Callanan Supp. Aquawood LLC's Objs., Ex. A, at 3, 6, Apr. 11, 2022, Docket No. 512; Callanan Decl., Ex. C at 8.) Aquawood objected to the requests to overturn its bank statements and tax

returns, and Dubinsky objected to the request to divulge his personal addresses. (Callanan Decl., Ex. B at 12, 23; Callanan Decl., Ex. D at 2.)  Aviva moved to compel the Defendants to overturn that information.  (Mot. Compel, Mar. 1, 2022, Docket No. 471.)  The Magistrate Judge ordered Aquawood to turn over its bank statements and tax returns.  (Mot. Compel Hr'g Tr. at 96:4–97:16, Apr. 3, 2022, Docket No. 511.)  The Magistrate Judge also ruled that Dubinsky had blurred the line between his personal and professional involvement in the underlying behavior at issue in the suit, and thus it was appropriate for Defendants to disclose "Mr. Dubinsky's personal mailing and physical addresses." (*Id.* at 88:1–9.)

Aquawood and Dubinsky filed objections to the Magistrate Judge's rulings. (Dubinsky's Appeal/Obj. Mag. J. Decision, Apr. 11, 2022, Docket No. 512; Aquawood's Appeal/Obj. Mag. J. Decision, Apr. 11, 2022, Docket No. 513.)

## DISCUSSION

### I.     STANDARD OF REVIEW

The standard of review on an objection to a magistrate judge's order depends on whether that order is dispositive.  The district court reviews a magistrate judge's dispositive decisions *de novo*, while it reviews non-dispositive rulings for clear error.  *See* Fed. R. Civ. P. 72.  In determining whether a ruling is dispositive, Rule 72 "permits the courts to reach commonsense decisions rather than becoming mired in a game of labels." *E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 988 (D. Minn. 2010) (quoting Charles

A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3068, at 338 (1997)). "Courts typically consider 'the impact on the merits of the case in deciding whether [the motion] should be characterized as dispositive.'" *Id.* (quoting Wright & Miller § 3068, at 345). An order that resolves a claim, defense, or action is dispositive and subject to *de novo* review. *Id.* (quoting Wright & Miller § 3068, at 321–22).

Here, the Magistrate Judge has issued discovery orders. Whether Aquawood turns over bank statements and tax returns, and whether Dubinsky divulges his personal addresses does not resolve any of the questions underlying this litigation. As such, the Court reviews the Magistrate Judge's order for clear error.

**II.    ANALYSIS**

   **A. Aquawood's Objection**

Aquawood claims that the Magistrate Judge's order was in error because she failed to determine if (1) Aquawood's bank statements and tax returns were relevant and (2) whether plaintiffs have a compelling need for them. *See EEOC v. Ceridian Corp.*, 610 F. Supp. 2d 995, 996–97 (D. Minn. 2008) (stating that a preponderance of authorities set out this two-part test for deciding whether to turn over tax returns). Aquawood does not contest the relevance of its bank statements and tax returns but argues instead that Aviva has no compelling need for them because the information contained therein is readily

-4-

available from other sources of discovery: namely from Aquawood's general ledger and profit and loss statements.[1]

In support of its argument, Aquawood cites *PSK, LLC. v. Hicklin*. 2010 WL 2710507 (N.D. Iowa, July 8, 2010). In *PSK* the Court ruled that the defendant had failed to show a compelling need for the plaintiff's tax return because the plaintiff requested them only to assist in establishing damages. *Id.* at *3. However, the plaintiff had already supplied the defendants with "detailed spreadsheets showing monthly revenues broken down by business segment, balance sheets showing assets and liabilities, and income statements showing revenue, expenses, and production of costs." *Id.* at *2. *PSK* is inapplicable for two reasons: first, Aquawood has failed to indisputably show that it provided Aviva with any documents that Aviva could use to ascertain the nature and circumstances surrounding Aquawood's financial dealings; and second, Aviva's claims against Aquawood, not just their damages, directly pertain to Aquawood's financial dealings.

Aviva alleges that Aquawood was involved in a RICO enterprise that intentionally passed money among various entities to prevent Aviva from collecting on a valid judgment. (*See generally,* Am. Compl., May 17, 2021, Docket No. 284.) Thus, Aviva argued to the Magistrate Judge that it requested the bank records and tax returns "specifically because they are, at least partially, in the control of third parties . . . like banks

---

[1] Aviva asserts that Aquawood had failed to produce its general ledger as of the date of this motion, and it is unclear to the Court whether Aquawood has produced it yet. (Decl. Shelli L. Calland, ¶ 7, Apr. 25, 2022, Docket No. 525.)

and the IRS, and thus are a check on what is in the profit and loss statements and the general ledgers, which . . . can be manipulated[.]" (Hr'g Tr. at 71:4–11.)  Aviva has shown it has a compelling reason to access the tax returns and bank statements even though similar information may exist in Aquawood's general ledger and profit and loss statements.  Therefore, the Court finds that the Magistrate Judge did not disregard the law in the order to Aquawood to turn over its tax records and bank statements to Aviva and thus, the Court will overrule Aquawood's objection.

**B. Dubinsky's Objection**

Dubinsky claims the Magistrate Judge's order is in error because of a failure to identify the relevancy of Dubinsky's personal address to this case, and what information Aviva might obtain from its disclosure.  However, the Magistrate Judge clearly articulated why Dubinsky's personal address was relevant and why it would aid Aviva in obtaining information that it could not access through his work address: Dubinsky's own descriptions of his behavior created doubt as to whether he was acting personally or as an employee of Aquawood.  (Hr'g Tr. at 88:1–9.)[2]  Thus, the Magistrate Judge did not clearly err by ordering Dubinsky to turn over irrelevant information.

---

[2] "As far as physical addresses or mailing addresses, given that there does seem to have been—to have been, even in Mr. Dubinsky's own descriptions of things, you know, some blurring of when he's saying I do it versus its's really him as an employee of Aquawood, I think it's appropriate to provide—and you can protect it if you think necessary—but appropriate to provide Mr. Dubinsky's personal mailing and physical addresses."  (Hr'g Tr. at 88:1–9.)

Dubinsky cites *Benford v. City of Minneapolis* to support the contention that courts routinely deny production of home addresses absent some compelling reason to provide them. 2012 WL 13028133 (July 30, 2012). However, *Benford* is not instructive. In *Benford*, the Court refused to compel the disclosure of the defendant's personal home address where the plaintiffs asserted that it was needed in order "to serve the individual Defendants" though the defendants had already been served. *Id.* at *10. Here, Aviva seeks Dubinsky's addresses in order to obtain information pertaining to Aviva claims against Dubinsky, not to effectuate service.

Finally, Dubinsky cites to several cases where courts have held that divulging personal addresses was irrelevant to the underlying actions. As noted by Aviva, however, those cases all pertain to the disclosure of the home addresses of police officers sued for wrongful behavior while on duty, or situations where there was a particular risk to individuals' safety.[3] The Magistrate Judge's "failure" to rely on any of these non-binding cases in arriving at her decision was not clear error.

---

[3] *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (declining to compel discovery of police officer's home address under the official information privilege applicable in federal civil rights cases); *Scaife v. Boenne*, 191 F.R.D. 590, 592–93 (N.D. Ind. 2000) (considering the safety of the police officers' families in denying discovery of police officers' home addresses for the last ten years, social security numbers, and the names of their children); *Smith v. Sharp*, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013) (declining to provide home addresses of polices officers in an excessive force case because the addresses were irrelevant); *Mackey v. Cnty. of San Bernardino*, 2013 WL 12474636, at *2 (C.D. Cal. Dec. 19, 2013) ("Providing this information to plaintiff poses potential danger to defendants given the given the historic violence between the parties.").

## CONCLUSION

Because the Magistrate Judge did not clearly err in ordering Aquawood to turn over its tax returns and bank statements or in ordering Dubinsky to divulge his personal addresses, the Court will deny both of the Defendants' objections.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Dubinsky's Objection to the Magistrate Judge's Order [Docket No. 512] and Aquawood's Objection to the Magistrate Judges Order [Docket No. 513] are **DENIED**.

DATED: July 29, 2022  
at Minneapolis, Minnesota.

                                                      JOHN R. TUNHEIM  
                                                  United States District Judge