UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ASI, INC.,                                                    Civil No. 19-763 (JRT/DTS)

                 Plaintiff,

v.                                                            **MEMORANDUM OPINION AND ORDER REGARDING SPECIAL MASTER'S THIRD DISCOVERY ORDER**

AQUAWOOD, LLC, *et al.*,

                 Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Nineth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland, Stephen A. Weisbrod, and Tamra Ferguson, I, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 North West New Hampshire Avenue, Suite 600, Washington, DC 20036, for plaintiff;

Joseph H. Lubben, Matthew D. Callanan, and Michael Reck, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Aquawood, Dollar Empire LLC, Brian Dubinsky, and Peter Magalhaes;

Brandon Underwood, Elizabeth Thomson, Devan Rittler-Patton, **FREDRIKSON AND BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; Joseph H. Lubben, for defendants Banzai International Ltd, Park Lane Solutions Ltd., Toy Quest Ltd., Chan Ming Yiu, Liu Yi Man, and Chan Siu Lun;

David W. Asp, Kate M. Baxter-Kauf, and Robert David Hahn, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Ave South, Suite 2200, Minneapolis, MN 55401, for defendants MGS International, LLC and Richard Toth;

Matthew D. Callanan, and Brad Pollock, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Wellmax Trading Ltd. and Michael Wu.

ASI, Inc., formally known as Aviva Sports, Inc., ("Aviva") brought an action against Manley Toys, Ltd ("Manley"), alleging that several defendants, working as a RICO enterprise, engaged in a series of fraudulent transfers in order to evade paying the judgment Manley owed to Aviva. Additionally, Aviva asserts that an overlapping group of defendants are alter egos of one another.

A Special Master was appointed to oversee discovery in this case. The Special Master requested that the parties submit proposed discovery schedules. Thereafter, the Special Master substantially adopted Aviva's proposed schedule. Defendants objected to the Special Master's order.

Because it is unclear whether the Special Master intended to require all defendants to produce general ledgers, bank statements, and tax records, the Court will resubmit the order to the Special Master to consider the parties' arguments and clarify the Scheduling Order. The Court will also resubmit the order to the Special Master to consider Defendants' arguments regarding the production of the Manley email server. The Court will deny Defendants' objections to the absence of a deadline for search terms in the Scheduling Order.

## BACKGROUND

A Special Master was appointed in this case because of its complexity, the heavy caseload of this district, and the parties' need for extraordinary levels of judicial intervention. The Special Master held a hearing and requested that the parties submit

proposed discovery schedules. Thereafter, the Special Master substantially adopted Aviva's proposed schedule as the Third Amended Scheduling Order ("Scheduling Order").[1,2] (3rd Am. Scheduling Order, Aug. 31, 2022, Docket No. 612.) Defendants object to two deadlines to produce documents and the absence of their requested deadline related to search terms.

### A. Aviva's Requests

Aviva requested financial documents from Defendants including tax records, general ledgers, and bank statements. (2nd Decl. Matthew D. Callanan ("2nd Callanan Decl.") ¶ 5, Sept. 13, 2022, Docket No. 619; Decl. Brandon Underwood ("Underwood Decl.") ¶ 4, Sept. 13, 2022, Docket No. 617.) Defendants objected to these requests. (2nd Callanan Decl. ¶ 6; Underwood Decl. ¶ 4.) Aviva filed a motion to compel discovery against Aquawood, Dubinsky, and Magalhaes, but not the other Defendants. (*See* Mot. Compel, Mar. 1, 2022, Docket No. 471.)

The Magistrate Judge ruled on the motion to compel and ordered Aquawood to turn over its bank statements and tax returns. (Mot. Compel Hr'g Tr. at 96:4–97:16, Apr. 3, 2022, Docket No. 511.) Defendant Aquawood appealed, and the Court affirmed the

---

[1] The Third Amended Scheduling Order corrected typographical errors in the Second Amended Scheduling Order that are immaterial. (*Compare* 2nd Am. Scheduling Order, Aug. 30, 2022, Docket No. 610 *with* 3rd Am. Scheduling Order, Aug. 31, 2022, Docket No. 612.)

[2] A Fourth Amended Scheduling Order has since been issued by the Special Master, but it does not address any of the substantive issues addressed by this order. (*See* Fourth Amended Scheduling Order, Dec. 27, 2022, Docket No. 667.)

Magistrate Judge's order. (*See* Mem. Op. and Order Denying Defs.' Objs., July 29, 2022, Docket No. 580.)

Aviva also seeks the production of documents from Manley and argues that the same documents were ordered to be produced in earlier litigation. (*See Aviva Sports Inc. v. Fingerhut Direct Marketing, Inc. et . al.*, No. 09-cv-1091, Dec. 30, 2015, Docket No. 924.) Aviva asserts that it learned from Manley's liquidators that the Chan/Hong Kong Defendants have custody of the Manley email. (*See* Decl. Shelli L. Calland ("Calland Decl."), Ex. 2 (excerpt of May 12, 2016, recognition hearing) at 104:17–105:12, Sept. 29, 2022, Docket No. 628.)

### B.   Defendants' Request

The parties are also at an impasse regarding search terms. Defendants proposed a set of search terms on January 13, 2022. (*See* 1st Decl. Matthew Callanan ("1st Callanan Decl."), Ex. 1 at 2, Mar. 1, 2022, Docket No. 467-1.) Aviva rejected those terms. (*Id*.) Defendant Aquawood moved for a protective order requesting approval from the Court to either use its current search terms or mandate that Aviva collaborate on the creation of search terms. (Mot. Protective Order, Mar. 1, 2022, Docket No. 464.) The Magistrate Judge denied Aquawood's Motion for Protective Order. (Mot. Compel Hr'g Tr. at 76:13–77:3.)

### C. Special Master Appointment and Scheduling Order

A Special Master was appointed on August 5, 2022. (Appointing Special Master, Aug. 5, 2022, Docket No. 589.) At the Special Master's first hearing, the Special Master requested that each party submit a draft discovery schedule. (Status Conference Hr'g Tr. at 39:9–16, Aug. 17, 2022, Docket No. 597.) Both parties submitted schedules. (*See* Pl.'s Letter to Special Master, Aug. 19, 2022, Docket No. 599; Defs.' Letter to Special Master, Aug. 19, 2022, Docket No. 600.)

In its proposed scheduling order, Aviva included the following action items: "All entity Defendants produce general ledgers, bank statements, and tax records" and "Chan Defendants produce Manley email server." (Pl.'s Letter to Special Master at 13.) In addition, Aviva's proposed scheduling order was accompanied by a lengthy summary of the litigation. Relevant to the objections at issue, Aviva asserted both that "[t]his Court already has ruled that Defendants' bank statements and tax returns must be produced, *yet no entity Defendant has complied with that Order*," and that "the Chan/Hong Kong Defendants had custody of Manley's email server and did not allow Manley's liquidator to access it." (*Id.* at 9 (emphasis in original).)

For their part, Defendants' submission to the Special Counsel included just their proposed schedule and no summary of their positions. Defendants also included deadlines for the parties to exchange search terms. (*See* Defs.' Letter to Special Master, at 1–2.)

…
…
…
…

The Special Master issued the Scheduling Order without further hearings or submissions from the parties. The Scheduling Order included deadlines for (1) "all Defendants to produce legers, bank statements, and tax records," and (2) "Chan Defendants to produce the Manley email server." (3rd Am. Scheduling Order, at 1.) Defendants object to both. Defendants further object to the absence of any deadline related to search terms to guide productions.

## DISCUSSION

### I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 53 governs the appointment and authority of masters. *See* Fed. R. Civ. P. 53. Rule 53 specifies that the District Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instruction." Fed. R. Civ. P. 53(f)(1). Findings of fact by the Special Master are reviewed de novo unless the parties stipulate otherwise. *See* Fed. R. Civ. P. 53(f)(3). All legal conclusions must be reviewed de novo, but procedural matters are typically reviewed for an abuse of discretion, unless the appointing order establishes otherwise. *See* Fed. R. Civ. P. 53(f)(4)-(5). An abuse of discretion includes when a decision is not supported by substantial evidence in the record. *See Lopez v. United States*, 790 F.3d 867, 871 (8th Cir. 2015).

## II. ANALYSIS

### A. Objections to Producing Financial Records

Defendants raise several objections to the Scheduling Order. These objections are permitted under the order appointing the Special Master. (Appointing Special Master at 3–4.) The order also states that in reviewing an order of the Special Master, the Court "shall adopt, affirm, modify, wholly or partly reject or reverse, or resubmit to the Special Master with instructions, the order or formal report of the Special Master." (*Id.* at 4.)

First, Defendants object to the Scheduling Order's inclusion of a deadline for Defendants to produce "general ledgers, bank statements, and tax records" as inappropriate because Plaintiff did not seek to compel production of these documents after Defendants objected to Plaintiff's request. (Defs.' Mem. Supp. Objs. at 5, Sept. 13, 2022, Docket No. 616.) In contrast, Plaintiff argued in its letter to the Special Master that the Court had already ordered that **all** Defendants must produce the financial documents at issue. However, this assertion misstates the Court's order. The Court explicitly ordered that Defendant **Aquawood** produce these financial records—but did not address other Defendants, and Aviva did not move to compel other Defendants to do the same. (*See* Mem. Op. and Order Denying Defs.' Objs., at 6.)

Although it is within the Special Master's power to require all Defendants to make this kind of production, it is unclear whether that is what the Special Master intended to

-7-

do with the Scheduling Order. Therefore, the Court will resubmit this issue to the Special Master for further deliberations and to clarify.[3]

### B.     Objections to Producing the Manley Email Server

Second, Defendants object to the inclusion of a deadline for the Chan Defendants to produce the Manley email server. (*See* Defs.' Mem. Supp. Objs. at 9.) There is a dispute as to whether Defendants have custody of the Manley email server. Aviva claims that it learned from Manley's liquidators that Defendants have custody of the server. (*See* Calland Decl. Ex. 2, at 104:17–105:12.) Defendants, on the other hand, argue that Aviva provided no support for its claim to the Special Master. (*See* Defs.' Mem. Supp. Objs., at 9.) The record does not reflect that Aviva moved to compel the production of the Manley email server in this case, and it is unclear whether the Special Master has concluded that Defendants indeed have custody of the server or emails in question, or whether the Special Master even considered the parties' arguments on the matter. Therefore, the Court will also resubmit this issue to the Special Master for further deliberations and clarification.

---

[3] Plaintiff argued in its response to Defendants' objections that those objections have been waived because Defendants did not raise these concerns with the Special Master. *See e.g.*, *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (finding that "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review"). Although Plaintiff is correct that arguments not brought before magistrate judges and special masters may be waived, that is not the case here because, as Defendants point out, the Special Master did not provide an opportunity for the parties to object prior to the issuance of the Scheduling Order.

### C. Objection to Absence of Search Terms Deadlines

Lastly, Defendants object to the absence of deadlines related to search terms. Unlike the other objections here, there is ample record to show that both the Magistrate Judge and the Special Master heard the parties' positions with respect to the issue of search terms. (*See* Mot. Compel Hr'g Tr. at 09:04–11:23; 19:18–20:09; 22:12–15; Status Conference Hr'g Tr. at 25:14–19; 29:7–12; 34:5–35:14.) Furthermore, the Magistrate Judge denied Defendants' motion for protective order on this specific issue. (Mot. Compel Hr'g Tr. at 76:13–77:3.)

The Special Master was appointed to address pretrial matters. This role is particularly important given the complexity of this case and the parties' need for extraordinary levels of judicial intervention. Where there is an ample record that the Special Master entertained the parties' arguments and elected to exercise its discretion to not include an action in its scheduling order, there is no abuse of discretion. The Court will deny Defendants' objection.

### CONCLUSION

Because it is unclear whether the Special Master meant to apply the deadline to provide financial documents to all Defendants equally, the Court will resubmit to the Special Master for further deliberations on whether each defendant must provide those documents. The Court will also resubmit to the Special Master for a determination of whether Aviva must move to compel the production of the Manley email server. Finally,

the Court will deny Aquawood's objection to the absence of a deadline for search terms in the Scheduling Order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' objections to the production of general ledgers, bank statements, tax records, and the Manley email server [Docket No. 616] are **RESUBMITTED** to the Special Master.

2. Defendants' objections to the absence of deadlines for search terms [Docket No. 618] are **DENIED**.

DATED: January 13, 2023
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                      United States District Judge