UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ASI, INC.,                                           Civil No. 19-763 (JRT/DTS)

                      Plaintiff,

v.                             **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SANCTIONS**

AQUAWOOD, LLC, *et al.*,

                      Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland, Stephen A. Weisbrod, and Tamra Ferguson, I, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue North West, Suite 600, Washington, DC 20036, for plaintiff;

Matthew D. Callanan, Brad R. Pollock, and Michael Reck, **BELIN MCCORMICK, PC**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Aquawood, Dollar Empire LLC, Brian Dubinsky, and Peter Magalhaes, Wellmax Trading Ltd., and Michael Wu;

Brandon Underwood, Elizabeth N. Thomson, Devan Rittler-Patton, **FREDRIKSON AND BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309; Joseph H. Lubben, for defendants Banzai International Ltd, Park Lane Solutions Ltd., Toy Quest Ltd., Chan Ming Yiu, Liu Yi Man, and Chan Siu Lun;

David W. Asp, Kate M. Baxter-Kauf, and Robert David Hahn, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for defendants MGS International, LLC and Richard Toth.

Plaintiff ASI, Inc. ("ASI") moved for sanctions under Federal Rules of Civil Procedure 11(b), arguing that Defendants purposefully failed to disclose to the Court the contract language that ASI relied on to oppose the Defendants' Motion to Dismiss for lack of subject matter jurisdiction.  (*See* Mot. Rule 11 Sanctions, Mar. 13, 2023, Docket No. 727; *see also* Mot. Dismiss, Oct. 6, 2022, Docket No. 630.)

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, attorneys certify that pleadings, motions, and papers are not being presented for improper purposes and that the claims and legal assertions contained therein are warranted by existing law.  Fed. R. Civ. P. 11(b).  Sanctions may be imposed if the Court determines that Rule 11(b) has been violated.  Fed. R. Civ. P. 11(c).

Rule 11 sanctions may be warranted if a claim "did not have any basis in fact, if the party failed to present any facts supporting the claim, or if the claim was based on immaterial factual allegations."  *Franklin v. Pinnacle Ent., Inc.*, 289 F.R.D. 278, 285 (E.D. Mo. 2012) (citing *MHC Investment Co. v. Racom Corp.*, 323 F.3d 620, 625 (8th Cir. 2003).  The Eighth Circuit has declared that the question is whether a "reasonable and competent attorney would believe in the merit of an argument."  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (citation omitted).

The Court concludes that sanctions are not warranted at this time.  Although the Court had no difficulty considering the Motion to Dismiss and Defendants' arguments in

support of it, the Court declines to find that Defendants' position had no basis in fact or law. Therefore, the Court will deny the Motion for Rule 11 Sanctions.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Rule 11 Sanctions [Docket No. 727] is **DENIED.**

DATED: June 27, 2023　　　　　　　　　　　　　　　　／s／ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge