# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ASI, INC.,                                           Civil No. 19-763 (JRT/DTS)

                    Plaintiff,

v.                                    **MEMORANDUM OPINION AND ORDER
                                       DENYING MOTION FOR DEFAULT
                                       JUDGMENT AND SUBMITTING MOTION**
AQUAWOOD, LLC, *et al.*,                **FOR LESSER SANCTIONS TO SPECIAL
                                       MASTER**

                    Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland and Tamra Ferguson, I, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue Northwest, Suite Fourth Floor, Washington, DC 20036; Stephen A. Weisbrod, **WIESBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275, Washington, DC 20007, for plaintiff;

Matthew D. Callanan, Brad R. Pollock, and Michael Reck, **BELIN MCCORMICK, P.C.**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for defendants Aquawood, Dollar Empire LLC, Brian Dubinsky, Peter Magalhaes, Richard Toth, Wellmax Trading Ltd., MGS International, LLC, and Michael Wu;

Brandon Underwood, Elizabeth N. Thomson, Devan Rittler-Patton, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for defendants Banzai International Ltd., Park Lane Solutions Ltd., Toy Quest Ltd., Chan Ming Yiu, Liu Yi Man, and Chan Siu Lun.

Plaintiff ASI, Inc. ("ASI") brings this motion for sanctions against Defendants for numerous alleged discovery violations.  ASI requests a range of sanctions, including entry

of default judgment with treble damages, adverse jury instructions, an injunction prohibiting Defendants from conducting business in the United States, and payment of costs and fees. The Court will deny ASI's motion for default judgment and submit consideration of all lesser sanctions to the Special Master.

## BACKGROUND

The Court has previously recounted the general background of this case and will not repeat that exercise here. *See ASI, Inc. v. Aquawood, LLC*, No. 19-763, 2022 WL 980398, at *1–4 (D. Minn. Mar. 31, 2022). The Court will discuss only the background relevant to this discovery dispute.

The Court appointed Special Master Thomas M. Sipkins to address pretrial matters. (Am. Order Appointing Special Master at 1, Aug. 8, 2022, Docket No. 593.) The Special Master supervises discovery, including by issuing orders pursuant to Federal Rule of Civil Procedure 37, imposing non-contempt sanctions against parties under Rule 37, and recommending contempt sanctions to the Court. (*Id.* ¶¶ I.A.3–4, 7.)

The Special Master issued an order on March 17, 2023, requiring Defendants to produce, as relevant here, unredacted financial records,[1] declarations regarding the "Manley Server," and the contents of that server to the extent any Defendant had access to it. (*See* Mem. Op. & Order at 7–8, 14–15, Docket No. 732.) Defendants were only

---

[1] Namely, bank records, tax returns, and general ledgers from 2012 to the present.

allowed to redact information for "compelling reason[s] demonstrated to the satisfaction of the Special Master." (*Id.* at 7.) Defendants were ordered to complete such production within two and a half weeks. (*Id.* at 7, 14.)

Defendants objected to the Special Master's order before the production deadline. (*See* Aquawood et al. Objs. Mem. Op. & Order, Mar. 31, 2023, Docket No. 738; Defs.' Obj. Special Master Order, Mar. 31, 2023, Docket No. 740.) The Court overruled the Defendants' objections and affirmed the Special Master's order. (Mem. Op. & Order Affirming Special Master's Order, June 27, 2023, Docket No. 772.) The Court did not set a new deadline for production but took no issue with the Special Master's production timeline. (*Id.* at 14.)

The various Defendants began submitting the required productions in August 2023. (*See, e.g.*, Decl. Matthew D. Callanan Supp. Defs.' Opp. Sanctions ("Callanan Decl.") ¶ 6, Ex. A, Oct. 20, 2023, Docket No. 797.) Numerous documents were still missing, though, and the parties communicated with each other about ASI's remaining demands over the following month and a half. (*See, e.g.*, Callanan Decl. ¶ 11.) Finally, in mid-September, ASI filed the present motion for sanctions based on Defendants' continued non-compliance. (Mem. Supp. Mot. Sanctions, Sept. 18, 2023, Docket No. 785.) The alleged issues fall into three primary categories: (1) improper redactions without leave of the Special Master, (2) nonproduction of certain financial records, and (3) nonproduction of the Manley Server. (*Id.* at 6–13.)

Defendants indicate that they have continued to produce some documents, while they do not possess or control others.  (*See, e.g.* Callanan Decl., Ex. A.)  ASI alleges the recent productions still do not comply with the Court's orders.  (*See generally* Reply Supp. Mot. Sanctions, Nov. 10, 2023, Docket No. 806.)

## DISCUSSION

The Court will address the request for default judgment because it is a dispositive issue and submit all other requests for sanctions to the Special Master pursuant to the appointment order.  While the Court finds Defendants' conduct likely would warrant sanctions, it does not find the conduct meets the high bar to merit default judgment.

## I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 permits the imposition of sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).  The Court may consider various sanctions, including:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)   rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.*

Courts also possess inherent authority to impose discovery sanctions. *In re Polaroid Corp.*, No. 08-46617, 2017 WL 1183983, at *7 (D. Minn. Mar. 29, 2017). This inherent authority "is a broad and powerful tool" that "should be used sparingly," only after the Court has exhausted measures under existing rules, such as Rule 37. *Sentis Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 900 (8th Cir. 2009) (cleaned up). Sanctions should not be lightly imposed but are important tools to penalize and deter wrongdoers. *Universal Coops., Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd.*, 45 F.3d 1194, 1196 (8th Cir. 1995) (cleaned up).

Default judgment is appropriate when the sanctioned party "has engaged in willful violations of court rules, contumacious conduct, or intentional delays." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir.2001). Default judgments are "not favored by the law" because there is a "judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal quotations omitted).

## II.    MOTION FOR DEFAULT

The present motion is before the Court rather than the Special Master because ASI's request for entry of default judgment is a dispositive issue. The Court finds that the facts alleged by ASI, even if taken as entirely accurate, do not meet the high bar for entry

of default judgment.   Many of the issues have been resolved through post-filing productions.

There is also the issue of timing.   The Special Master's March order set an appropriately aggressive production schedule.   The Court's June order, though, was silent on the issue of specific deadlines.   Though Defendants' delayed production is certainly not in keeping with the spirit of the Special Master's orders, the Court will not enter the extreme sanction of default when there was potentially ambiguous deadlines. Accordingly, the Court will decline to take the "rare judicial act" of awarding default judgment.   *Belcourt*, 786 F.3d at 661 (internal quotation omitted).

This decision should not be taken as condonation of Defendants' conduct.   Indeed, the Special Master may find the Defendants' conduct warrants other sanctions, even severe ones.   The Court's holding is limited to the conclusion that the action may proceed.

III.     **OTHER SANCTIONS**

The Special Master is authorized to impose non-contempt sanctions pursuant to Federal Rule of Civil Procedure 37 and recommend contempt sanctions to the Court for discovery violations.   Because the Special Master is charged with supervising discovery, familiar with the parties' discovery obligations, and has ably discharged his duties thus far, the Court will submit the parties' remaining motions to the Special Master.   If the Special Master finds Defendants have violated their discovery obligations, he may issue or recommend sanctions, short of default judgment, as appropriate.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Plaintiff's Motion Sanctions [Docket No. 784] is **DENIED** as to Plaintiff's request for entry of default judgment and **SUBMITTED to the Special Master** for consideration of any lesser sanctions**.**


DATED:  December 11, 2023
at Minneapolis, Minnesota.

                                JOHN R. TUNHEIM
                         United States District Judge