UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ASI, INC.,                                                 Civil No. 19-763 (JRT/DTS)

          Plaintiff,

v.                              **MEMORANDUM OPINION AND ORDER RESUBMITTING MOTION FOR SANCTIONS TO SPECIAL MASTER**

AQUAWOOD, LLC, *et al.*,

          Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland and Tamra Ferguson, I, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue Northwest, Suite Fourth Floor, Washington, DC 20036; Stephen A. Weisbrod, **WIESBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275, Washington, DC 20007, for Plaintiff.

Matthew D. Callanan, Brad R. Pollock, and Michael Reck, **BELIN MCCORMICK, P.C.**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for Defendants Aquawood LLC, Dollar Empire LLC, Brian Dubinsky, Jun Tai Co Ltd., Peter Magalhaes, Richard Toth, Wellmax Trading Ltd., MGS International, LLC, and Michael Wu;

Brandon Underwood, Elizabeth N. Thomson, Devan Rittler-Patton, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for Defendants Banzai International Ltd., Park Lane Solutions Ltd., Toy Quest Ltd., Chan Ming Yiu, Liu Yi Man, and Chan Siu Lun.

Throughout this litigation, "Defendants' discovery production has been intentionally deficient and in violation of this Court's previous orders." (*See* Order Granting, In Part, ASI, Inc.'s Mot. for Sanctions ("Sanctions Order") at 3, Dec. 29, 2023,

Docket No. 816.) Accordingly, Plaintiff ASI, Inc. filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, the majority of which the Court referred to the Special Master overseeing discovery in this litigation. (*See* Mem. Op. & Order Den. Mot. for Default J. at 6–7, Dec. 11, 2023, Docket No. 815.) The Special Master granted ASI's motion for sanctions in part, holding Defendants' jointly and severally liable for ASI's attorney's fees in bringing the sanctions motion and establishing certain facts as true for purposes of this action. (*See* Sanctions Order at 1–2.)

Defendants appeal the Special Master's order, claiming in part that the order did not sufficiently explain or justify the sanctions and the Special Master failed to distinguish between conduct of individual defendants. (*See* Objection at 4–11, Jan. 12, 2024, Docket No. 820; Objection at 9–19, Jan. 12, 2024, Docket No. 821.) The Court must reluctantly agree that it requires a greater accounting of the Special Master's process and reasoning, including conclusions as to why lesser sanctions would not suffice, before it can review the Special Master's order. *See Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 815–17 (8th Cir. 2003). The Court understands that the Special Master has "been down this road before," and does not doubt his characterization of Defendants' noncompliance. (Sanctions Order at 3.) But the order is too minimal to permit meaningful review. Accordingly, the Court will remand ASI's Motion for Sanctions to the Special Master for further analysis.

The Court will also preemptively warn the parties that, to the extent they have objections to the Special Master's responsive order, they should keep their briefing concise and focus on new issues.  The Court already has voluminous briefing on the discovery dispute, which it will consider on review.  It will suffice for the parties to identify prior arguments that remain relevant; they need not fully spell out those arguments a third time.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Sanctions [Docket No. 784] is **RESUBMITTED to the Special Master** for an explanation of appropriate sanctions, and Defendants' Objections [Docket Nos. 820 and 821] are **DEFERRED**.

DATED:  March 11, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge