**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ASI, INC.,

|  |  |
|---|---|
| Plaintiff, | Civil No. 19-763 (JRT/DTS) |

v.

AQUAWOOD, LLC, et al.,

**MEMORANDUM OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S
ORDER FOR SANCTIONS**

Defendants.

---

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland and Tamra Ferguson, **WEISBROD MATTEIS & COPLEY PLLC**, 1200 New Hampshire Avenue Northwest, Suite Fourth Floor, Washington, DC 20036; Stephen A. Weisbrod, **WEISBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275, Washington, DC 20007, for Plaintiff.

Matthew D. Callanan and Michael Reck, **BELIN MCCORMICK**, 666 Walnut Street, Suite 2000, Des Moines, IA 50309, for Defendants Aquawood, LLC, Dollar Empire LLC, Brian Dubinsky, Jun Tai Co Ltd., Peter Magalhaes, Manley Toy Direct, LLC, MGS International, LLC, Richard Toth, Toy Network, LCC, Wellmax Trading Ltd., Winning Industrial Ltd., Michael Wu, and Manley Toys Limited.

Brandon Underwood, Elizabeth N. Thomson, and Michael Darrell Currie, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for Defendants Banzai International Ltd., Chan Ming Yiu, Liu Yi Man, Park Lan Solutions Ltd., Toy Quest Ltd., and Chan Siu Lun.

Plaintiff ASI, Inc. filed this action in 2019 against various Defendants[1] to collect on a judgment initially issued in 2013.  The Court's evaluation of the merits of the dispute has been stalled by unwarranted discovery disputes.  As a result of the delays, Magistrate Judge David T. Schultz issued an order for sanctions on Defendants that (1) requires them to pay ASI's attorney's fees and costs for bringing the motion for sanctions and (2) imposes one adverse factual finding for Defendants' failure to preserve financial documents.  Because the Court determines that the Magistrate Judge did not clearly err in his award of sanctions, the Court will overrule Defendants' objections and affirm the Magistrate Judge's order granting in part ASI's motion for sanctions.

## BACKGROUND

The Court has previously detailed the factual background in this case.  *See ASI, Inc. v. Aquawood, LLC*, No. 19-763, 2022 WL 980398, at *1–4 (D. Minn. Mar. 31, 2022).  In 2019, ASI filed this action against many parties alleging a broad conspiracy to evade paying an $8.5 million judgment entered in 2013 against Manley Toys, Ltd. ("Manley Judgment").  *Id* at *2.  During discovery, ASI asked for financial information dating back to 2012 from both individual and entity Defendants, as well as information about the

---

[1] "Defendants" refers to Aquawood, LLC; Banzai International, Ltd.; Samson Chan; Dollar Empire LLC; Brian Dubinsky; Jun Tai Co Ltd.; Lisa Liu; Peter Magalhaes; Manley Toy Direct, LLC; MGS International, LLC; Park Lan Solutions Ltd.; Richard Toth; Toy Network, LLC; Toy Quest Ltd.; Wellmax Trading Ltd.; Winning Industrial Ltd.; Michael Wu; Alan Chan; and Manley Toys Limited. "Hong Kong Defendants" refers to Banzai International Ltd., Samson Chan, Lisa Liu, Park Lane Solutions Ltd., Toy Quest Ltd., and Alan Chan.

whereabouts of the Manley Server.  (Decl. Shelli Calland in Supp. Mot. to Compel, Exs. 1–4, Feb. 2, 2023, Docket No. 690.)

Receiving unsatisfactory discovery production, ASI filed a motion to compel for two categories of discovery: (1) financial documents and (2) data and documents from the Manley Server.  (Mot. to Compel Unredacted Financial Docs., Feb. 2, 2023, Docket No. 688.)  The Special Master ordered the Defendants to produce financial records dating back to 2012 without redactions absent a compelling reason satisfactory to the Special Master.  (Special Master Report Mem. Op. & Order ("Discovery Order") at 7–8, Mar. 17, 2023, Docket No. 732.)  The Special Master also required any Defendant with access to the Manley Server to produce the server itself and/or documents stored on it and further ordered most Defendants[2] to submit declarations about the Manley Server's whereabouts.  (*Id.* at 14–15.)

To date, no Defendant has fully complied with the Special Master's discovery order.

As to the financial records, Defendants have redacted many documents and have failed to produce others.[3]  Defendants also now claim they cannot access documents because their financial institutions purged them as part of their document retention

---

[2] Defendants Dollar Empire, LLC, Wellmax Trading, Ltd., and Michael Wu were excluded from this requirement.  (Special Master Report Order re Manley Servers at 2, Aug. 1, 2023, Docket No. 782.)

[3] The Magistrate Judge included a helpful chart delineating precisely which documents were still missing.

policies.  (*See* Hong Kong Def.'s Obj. to Magistrate Judge's Order ("Hong Kong Obj.") at 7,

July 30, 2024, Docket No. 961; Obj. to Magistrate Judge's Order at 8, July 30, 2024, Docket

No 962.)

As to the Manley Server, while all Defendants submitted the required Manley

Server declarations, ASI contests whether those bare declarations, which deny knowing

the server's whereabouts, fully comply with the Special Master's discovery order.

Specifically, ASI presented evidence that in a separate action in Iowa, Alan Chan

contradicted his declaration during his Iowa deposition by stating that he did not even

attempt to locate the Manley Server.  (Hong Kong Obj. at 10; Notice by ASI, Ex. 3 at 8–39,

Mar. 19. 2024, Docket No. 847.)  No Defendant thus far has produced the Manley Server

or its contents.

The lack of compliance with the discovery order serves as the basis for this pending

appeal, but the procedural posture requires additional explanation.  ASI moved for

sanctions, including default judgment, based on all the Defendants' failure to comply fully

with the discovery order.  (Mot. for Sanctions, Sept. 18, 2023, Docket No. 784.)  The Court

declined to impose default judgment, finding it too severe a sanction for the conduct.

(Mem. Op. & Order at 4–6, Dec. 11, 2023, Docket No. 815.)  The Court then returned the

motion to the Special Master to order any other sanctions he deemed appropriate.  (*Id.*

at 6.)  The Special Master ordered attorney's fees and costs as well as several adverse

factual findings.  (Special Master Report Order Granting in Part Mot. for Sanctions at 1–2,

Dec. 29, 2023, Docket No. 816.)  However, the brevity of the Special Master's order made

it impossible for the Court to conduct meaningful review.    (Mem. Op. & Order

Resubmitting Mot. for Sanctions to Special Master at 2, Mar. 11, 2024, Docket No. 838.)

The order was returned to the Special Master for a more detailed accounting of the

appropriateness of sanctions. (*Id.* at 3.)  After the Special Master's recusal, the Magistrate

Judge reviewed the record and again imposed attorney's fees and costs for bringing the

motion for sanctions but only one adverse factual finding, which states,

> It will be taken as established for the purpose of this action
> that each Defendant failed to preserve and therefore caused
> the destruction of some or all of its bank statements, tax
> records, and/or general ledgers from 2012 to present.

(Order for Sanctions at 12–13, July 9, 2024, Docket No. 954.)  Both groups of Defendants

now appeal the Magistrate Judge's order for sanctions.  (Appeals/Objs. of Magistrate

Judge Decision, July 30, 2024, Docket Nos. 961, 962.)

## DISCUSSION

## I.    STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the

Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2).

The standard of review applicable to an appeal of a magistrate judge's order on non-

dispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp.

2d 1008, 1014 (D. Minn. 2007).  The Court will reverse such an order only if it is clearly

erroneous or contrary to law.  *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn.

LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation omitted).

## II.    MOTION FOR SANCTIONS

Defendants were ordered to produce all bank statements, tax returns, and general ledgers from 2012 to the present in "unredacted form absent a compelling reason demonstrated to the satisfaction of the Special Master." (Discovery Order at 7.) Most Defendants were also required to submit a declaration regarding the Manley Server. When ASI did not receive the ordered discovery, it filed a motion for sanctions which the Magistrate Judge granted in part. The Magistrate Judge ordered all Defendants jointly and severally liable for ASI's attorney's fees and costs in bringing the motion and imposed one adverse factual finding. All Defendants appeal the Magistrate Judge's order, arguing primarily that they did not have a duty to preserve documents going back to 2012 that were in the possession of various financial institutions but also that ASI cannot show prejudice, that the redactions were justified, and that those required to provide a Manley Server declaration did so.

## A.      Discovery Violation

Three violations of the discovery order are at issue: Defendants' failure to produce documents before 2015, Defendants' continued redaction of financial documents absent compelling reason, and Hong Kong Defendants'[4] insufficient Manley Server declarations.

### 1.      Unproduced Financial Statements

The unproduced financial statements remain the most disputed issue.  The Special Master required production of financial records dating back to 2012, but no Defendant has fully complied.  The Magistrate Judge included a chart of outstanding documents,[5] but in relevant part, ASI has received no financial documents from before 2015. Defendants argue that they were not on notice to preserve financial documents so far in the past, nor did they have any duty to preserve documents under the control of third parties with their own document retention policies.

 Parties must preserve relevant evidence when they know or should have known litigation was imminent.  *Ewald v. Royal Norwegian Embassy*, No. 11-2116, 2014 WL 1309095, at *15 (D. Minn. Apr. 1, 2014); *Hall v. Ramsey Cty.*, No. 12-1915, 2013 WL 12141435, at *2 (D. Minn. Apr. 8, 2013).  A party must preserve not only those documents

---

[4] Defendants Aquawood, Dubinksy, Magalhaes, Wu, Dollar Empire, Toth, and MGS International were not the subject of the Manley Server sanction discussion so they are also excluded here.

[5] ASI seems to question why Toy Quest, Ltd. was excluded from the table, but the Magistrate Judge specifically references Toy Quest, Ltd as having produced "no U.S. tax records, without justification."  (Order for Sanctions at 8 n.6.)

of which it has physical possession but also those under its control, including those a party

has a "right, authority, or practical ability, to obtain . . . from a non-party to the action."

*Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000).  Financial records

held by a third party are within a party's control.  *See, e.g.*, *Triple Five of Minnesota, Inc.*

*v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002), *aff'd*, 2002 WL 1303025 (D. Minn. June 6,

2002).

Here, Defendants' failure to comply raises two questions: when the duty to

preserve began and whether Defendants had a duty to preserve documents maintained

by third parties.

First, the duty to preserve began in 2019.  The original complaint was filed in 2019,

and amended in 2021, but the Manley Judgment was issued in 2013.  The complaint, as

filed in 2019, alleged an overarching conspiracy to avoid paying the Manley Judgment.

Even though ASI first requested these financial documents through discovery in 2021,

Defendants in a lawsuit about evading a court's money judgment should be on notice that

they will need to begin preserving relevant financial documents as soon as the complaint

is filed.  Had they done so, Defendants likely would not have lost access to the financial

documents ASI requested going back to 2012, even following these institutions' seven-

year retention policies.[6]  Because the action is focused on recovering the 2013 Manley

---

[6] There appears to be no dispute that seven-year retention policies are the industry norm
for financial institutions.  (*See* Defs.' Resistance to Mot. for Sanctions at 22–23, Oct. 20, 2023,

Judgment, the Court finds that the Magistrate Judge did not clearly err in finding that

Defendants were put on notice of their need to preserve as early as 2019 and that

financial documents dating back to 2012 were relevant.

Second, Defendants were required to preserve documents maintained by third

party financial institutions.  Parties should have reasonably known that the documents

required preservation, and that they had a legal right to the documents the financial

institutions held.  Therefore, their duty to preserve extended to the documents at

financial institutions notwithstanding the fact that Defendants did not have these

documents in their physical possession.  *See E\*Trade Sec. LLC v. Deutsche Bank AG*, 230

F.R.D. 582, 588 (D. Minn. 2005).  The Magistrate Judge did not clearly err when he found

that Defendants possessed an affirmative duty to preserve the documents at financial

institutions.

Even acknowledging a duty to preserve such documents, Defendants seem to

suggest that sanctions are nevertheless inappropriate because ASI did not suffer

prejudice as a result of the unproduced financial documents.  But prejudice is not difficult

to find here.  The Manley Judgment issued in 2013.  Now, ASI cannot access financial

documents from the years surrounding when that judgment was issued which is the basis

---

Docket No. 796 (describing the retention policies of Chase, Wells Fargo, and the United States government); Order for Sanctions at 10 n.7.)

for this action. The Magistrate Judge did not clearly err when he found that ASI had been prejudiced by the destruction of years of financial documents.

Defendants also argue that the Magistrate Judge was required to find intent before issuing sanctions for the spoilation of evidence. But Rule 37 makes sanctions available in a variety of circumstances, not all of which require intent. *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019) (discussing the sanctions available under Rule 37). The Magistrate Judge issued his sanctions under both Rule 37(b)(2)(A), (C) and Rule 37(e)(1). Neither of those sections require a finding of intentional conduct for the sanctions imposed. *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 570–71 (D. Minn. 2008). Because both the attorney's fees and costs and the adverse factual finding could be issued absent a showing of intent, the Magistrate Judge did not clearly err in imposing those sanctions for Defendants' failure to produce financial documents before 2015.

### 2. Redacted Financial Statements

By Defendants' own admissions, they did not follow the Special Master's Order to produce all financial documents in unredacted form unless given permission to redact by the Special Master. Defendants attempt to justify their choice to redact without first seeking approval, but doing so was in clear violation of the Special Master's instructions,

and thus the Magistrate Judge did not clearly err when he found Defendants to be in violation of the discovery order.[7]

### 3.    Manley Server Declarations

Hong Kong Defendants argue they cannot be found to have disobeyed the Special Master's discovery order because it only required that they submit a declaration and they have done exactly that. However, their brief declaration simply states that they have no information about the whereabouts of the Manley Server—despite months later admitting in a sworn deposition that they never bothered to look for the server in response to ASI's discovery request.  Superficial compliance with a discovery order while avoiding responsibility to comply in substance is simply insufficient under the law.  Under Hong Kong Defendants' reasoning, the declaration would have satisfied the discovery order even if incomplete or an outright lie.  Likely, Hong Kong Defendants rest on this argument because they have little else to offer.  The deposition testimony of Alan Chan in the Iowa case undermines his declaration claiming absolutely no knowledge of the Manley Server.  As such, the Magistrate Judge did not clearly err when he found Hong Kong Defendants to have violated the discovery order.

---

[7] The Defendants want the Court to find that ASI was not prejudiced because of these redactions and thus sanctions are inappropriate.  However, Rule 37(b)(2)(C) does not require a finding of prejudice.  And even so, the Magistrate Judge did not clearly err when he referenced the prejudice of delayed follow up discovery and an inability to fully track the flow of money.

**B.**     **Attorney's Fees**

Having found all Defendants in violation of the Court's order to compel, attorney's

fees in bringing the motion for sanctions are mandated by Federal Rule of Civil Procedure

37(b)(2)(C) unless an exception applies.  Defendants urge the Court to apply an exception

both because ASI failed to meet and confer, and because the Defendants' violations were

substantially justified.  The Magistrate Judge did not clearly err in finding that neither

exception relieves Defendants of their conduct.

**1.  Meet and Confer**

Once again, the subject of meeting and conferring is relevant.  ASI claims it met

and conferred "multiple times" to no avail.  (ASI Meet & Confer Statement, Sept. 18, 2023,

Docket No. 786.)  Defendants argue that ASI did not meet and confer, or at the very least

ASI did not meaningfully meet and confer.  However, Defendants cite Federal Rule of Civil

Procedure 37(a)(5)(A)(i)[8] to support their argument that a failure to meet and confer

precludes an award of fees in bringing the motion.  The award of attorney's fees was

granted under Rule 37(b)(2)(C), which has no similar exception for a failure to meet and

confer.  Fed. R. Civ. P. 37(b)(2)(C).  Further, fees were only awarded for bringing the

motions for sanctions, not the motion to compel, making Rule 37(a) inapplicable here.

Without even reaching the dispute about a meaningful meet and confer, the Magistrate

---

[8] Rule 37(a) is titled "Motion for an Order Compelling Disclosure or Discovery," without mention of sanctions for failing to obey a discovery order.  Fed. R. Civ. P. 37(a).

Judge did not clearly err in awarding the fees and costs to bring the motion for sanctions

under Rule 37(b)(2)(C) because that provision does not include an exception if the parties

failed to meet and confer. *Id.*; *Buergofol GmbH v. Omega Liner Co.*, No. 4:22-4112, 2024

WL 4068648, at *3 (D.S.D. Sept. 5, 2024) (citing *Lindstedt v. City of Granby*, 238 F.3d 933,

936 (8th Cir. 2000)).

### 2. Substantial Justification

Defendants contend that their violation of the discovery order was substantially

justified because they could not produce documents that did not exist, that certain

documents were not obviously relevant, and that the redactions were minor and

reasonable. Substantial justification for disobeying a court's discovery order requires a

finding that the justification could satisfy a reasonable person. *Mgmt. Registry, Inc. v.*

*A.W. Cos.*, No. 17-5009, 2020 WL 1910589, at *13 (D. Minn. Apr. 20, 2020).

Defendants' first two arguments are unavailable for the reasons discussed above.

Defendants were on notice as of 2019 that they must preserve relevant documents,

including those in the physical possession of various financial institutions. Any reasonable

person would understand the financial documents directly surrounding the predicate

events of this litigation would be relevant. Regarding the redactions, the Court had

already addressed and deemed sufficient the protective measures. Thus, given that the

Court affirmed the Special Master's discovery order, it was unreasonable for Defendants

to assume they could still redact after explicit direction to the contrary. Accordingly, the

-13-

Magistrate Judge did not clearly err when he imposed attorney's fees and costs despite Defendants' arguments that their actions were justified.

### C.  Adverse Factual Finding

Finally, Defendants dispute the applicability of the adverse factual finding because it is too broad and improperly lumps all Defendants together by stating that each Defendant failed to preserve some or all their financial documents.  The Magistrate Judge did not act contrary to law or clearly erroneously.  When the opposing party has been prejudiced, as ASI has, due to the failure of the other party to preserve relevant documents, the court may order sanctions to cure the prejudice.  Fed. R. Civ. P. 37(e)(1). The Magistrate Judge did just that by evaluating the conduct of each defendant and finding that all failed to preserve some or all financial documents dating back to 2012.  To the extent any confusion is created when this case goes to trial, the Court can address those issues at that time.  But the Magistrate Judge did not clearly err in imposing the adverse factual finding to cure the prejudice ASI suffered through Defendants' failure to preserve financial information.

### CONCLUSION

The Magistrate Judge ordered all Defendants to pay ASI's attorney's fees and costs in bringing the motion for sanctions and for one adverse factual finding regarding the failure to preserve financial documents.  Defendants object to the Magistrate Judge's order for sanctions on various grounds but the Court finds no clear error with the Magistrate Judge's conclusions and sanctions imposed.  Thus, the Court will affirm the

Magistrate Judge's order for sanctions, overrule Defendants' objections, and grant in part

ASI's motion for sanctions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendants' Appeals/Objections of Magistrate Judge Decision [Docket Nos. 961 & 962] are **OVERRULED**;

2.  The Magistrate Judge's Order [Docket No. 954] Granting in Part and Deny in Part the Motion for Sanctions is **AFFIRMED**;

3.  Plaintiffs' Motion for Sanctions [Docket No. 784] is **GRANTED in part** and **DENIED in part** as follows:

    a.  Defendants are jointly and severally liable for Plaintiff's attorney's fees for bringing the motion for sanctions.  Plaintiffs' attorneys shall submit an affidavit outlining related fees and costs since March 1, 2023.

b.  It will be taken as established for the purposes of this action that each

Defendant failed to preserve and therefore caused the destruction of

some or all of its bank statements, tax records, and/or general ledgers

from 2012 to the present.

DATED:  December 6, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge