**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

ASI, Inc.,                                          Case No. 19-cv-763 (JRT/DTS)

     Plaintiff,

v.                                                          **ORDER**

Aquawood, LLC, et al.,

     Defendants.

---

Defendants move for sanctions, alleging Plaintiff ASI, Inc. failed to disclose documents and information during discovery related to its 2014 judgment enforcement activities. Dkt. No. 1367 at 3–9. According to Defendants, ASI's 2014 judgment enforcement efforts clearly show that ASI's claims are time barred. *Id.* at 3 ("Defendants have spent years and incurred millions of dollars in legal fees defending against clearly time-barred claims."), 9 ("The consequences cannot be understated. Defendants incurred millions of dollars of legal fees defending against claims that—had ASI complied with its discovery obligations—would never have survived past the early stages of this litigation."). ASI disagrees, contending both that it complied with its discovery obligations and that ASI's 2014 judgment enforcement efforts do not pose a statute of limitations problem. Dkt. No. 1495 at 9.

After filing the motions for sanctions, Defendants moved for summary judgment. Dkt. Nos. 1429, 1437. As a part of their motions, Defendants contend ASI's claims are time barred. *See* Dkt. No. 1439 at 25–38, Dkt. No. 1432 at 6–7 (joining the Hong Kong Defendants' argument). It makes sense for Defendants' motions for summary judgment to be resolved before addressing the motion for sanctions. If the Court grants summary

judgment on the merits, Defendants' request for dismissal as a *sanction* would be moot. If ASI's 2014 judgment enforcement efforts do not pose a statute of limitations problem (as ASI asserts), then Defendants' claim of prejudice would be dubious. Therefore, the Court denies the motion for sanctions without prejudice. Defendants may refile their motion for sanctions upon the resolution of the summary judgment motions.

**IT IS HEREBY ORDERED:** Defendants' Joint Motion for Sanctions (Dkt. No. 1365) is **DENIED** without prejudice.

Dated: December 2, 2025

    s/ David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge